UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LARRY D. WILLIAMS, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | CAUSE NO. 3:05-CV-662 RM |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant ) | |

OPINION AND ORDER

Larry Williams seeks judicial review of the final decision of the Commissioner of Social Security denying his applications for disability insurance benefits and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 423 and 1381 *et seq.*. The court has jurisdiction over this action pursuant to 42 U.S.C. § 405(g) and 1383(c)(3). For the reasons that follow, the court vacates the Commissioner's decision and remands for further proceedings.

Mr. Williams applied for benefits in 2002 alleging disability as of January 1, 1997 due to degenerative disc disease and related pain. His applications were denied initially and on reconsideration. On August 18, 2004 an administrative hearing was conducted, at which Mr. Williams and a vocational expert, Dr. Leonard Fisher, testified. The ALJ found on the basis of the evidence presented that Mr. Williams was not disabled within the meaning of the Act and was not

entitled to disability insurance benefits or eligible for SSI payments. When the Appeals Council denied the request for review, the ALJ's decision became the final decision of the Commissioner of Social Security. 20 C.F.R. §§ 404.955, 404.981, 416.1455, and 416.1481; Fast v. Barnhart, 397 F.3d 468, 470 (7th Cir. 2005). This appeal followed.

In reviewing the record, the court discovered a procedural error in the administrative proceedings. The ALJ states in his decision that: "Although the claimant was fully apprised of the right to representation, he chose to proceed without a representative." The Commissioner acknowledges that the initial hearing on February 9, 2004 was continued so that Mr. Williams could obtain representation, but states that "[Mr. Williams] elected to proceed without representation" at the August 18, 2004 hearing. The record suggests otherwise.

Mr. Williams could waive his statutory right to be represented by counsel at the administrative hearing  only if he was properly informed of that right. *See* 20 C.F.R. 404.929, 404.950(b), and 416.1450(b); Skinner v. Astrue, ___ F.3d ___, 2007 WL 677229 (7th Cir. Mar. 7, 2007); Binion v. Shalala, 13 F.3d 243, 245 (7th Cir. 1991); Thompson v. Sullivan, 933 F.2d 581, 584 (7th Cir. 1991). When a claimant is proceeding *pro se*, the ALJ must explain "the manner in which an attorney can aid in the proceedings, the possibility of free counsel or a contingency arrangement, and the limitation on attorneys' fees to twenty-five percent of past-due benefits plus required court approval of the fees." Thompson v. Sullivan, 933 F.2d at 584; *see also* Skinner v. Astrue, ___ F.3d ___, 2007 WL

2

677229 (7th Cir. Mar. 7, 2007); Binion v. Shalala, 13 F.3d at 245. The written notice provided to Mr. Williams at the first hearing on February 9, 2004 did not explain the 25 percent cap on fees and was inadequate, Binion v. Shalala, 13 F.3d at 245; Thompson v. Sullivan, 933 F.2d at 584, and there is no indication that Mr. Williams received any information about his right to counsel at the hearing on August 18.

The Commissioner's suggestion that Mr. Williams effectively waived his right to counsel by proceeding without one at the second hearing is without merit. The hearing transcript on which he relies shows the following conversation between the ALJ and Mr. Williams regarding his request for representation:

> ALJ: ...Before we go ahead I want to be sure you do understand your right to be represented by an attorney. Have you thought about getting an attorney, have you talked to one?...
>
> Clmt: First of all, I tried to build up a medical portfolio.
> * * *
> ALJ: ...So, now we continued this once so you could get an attorney. Did you ever talk to a lawyer?
>
> Clmt: No, sir, I didn't, because–
>
> ALJ: Why, well, then why did we continue it if you wanted a lawyer–
>
> Clmt: Because I though at the time...[t]hat I could present compelling medical evidence to him...[i]n order for him to take the case.
>
> ALJ: Did you talk to a lawyer?
>
> Clmt: No. Because I didn't obtain–
>
> ALJ: I see, all right. Well, okay. You've had a chance–all right, sir, you've had a chance to look through the green exhibit file...Do

3

>you have any objection to my considering these part of the evidence?

(A.R. 34-38). From that point, the ALJ proceeded directly to the evidence, without making any inquiry into whether Mr. Williams still desired to obtain counsel or was waiving his right to representation, and without obtaining a signed written waiver.[1] Under the circumstances, the court cannot find a knowing waiver of Mr. Williams' right to be represented by counsel at the hearing. *See* Binion v. Shalala, 13 F.3d at 245; Thompson v. Sullivan, 933 F.2d at 584.

The ALJ's failure to obtain a valid waiver of the right to counsel heightened his duty to develop the record and shifted the burden to the Commissioner to show that the ALJ "scrupulously and conscientiously probe[d]into, inquire[d] of, and explore[d] all relevant facts." Skinner v. Astrue, _ F.3d _, 2007 WL 677229 (7th Cir. Mar. 7, 2007) (quoting Smith v. Sec. of Heath, Educ. & Welfare, 587 F.2d 857, 860 (7th Cir. 1978)); Binion v. Shalala, 13 F.3d at 245. The error may have been harmless, but the Commissioner does not so argue.

The Commissioner argues only that the medical evidence and the testimony of the vocational expert support the ALJ's disability determination, and that "the ALJ provided an informed review of the record and sufficiently articulated his reasons for rejecting [Mr. Williams'] subjective complaints of pain," so the ALJ's decision must be affirmed. The court disagrees.

---

[1] The written notice provided to Mr. Williams at the February 9, 2004 hearing stated that: "If you understand your rights and want to proceed without a representative, you must sign a Waiver of Right to Representation. It will be made part of the record in your appeal."

Judicial review of the Commissioner's final decision is limited. 42 U.S.C. § 405(g); Jones v. Shalala, 10 F.3d 522, 523 (7th Cir. 1993). The court must sustain the ALJ's findings if they are supported by substantial evidence. 42 U.S.C. 405(g); Scott v. Barnhart, 297 F.3d 589, 593 (7th Cir. 2002); Schoenfeld v. Apfel, 237 F.3d 788, 792 (7th Cir. 2001). The court may not substitute its judgment for that of the ALJ by reconsidering the facts, reweighing the evidence, or resolving factual disputes, Scott v. Barnhart, 297 F.3d at 593; Maggard v. Apfel, 167 F.3d 376, 378 (7th Cir, 1999), or reconsider credibility determinations, unless those determinations are patently wrong. Zurawski v. Halter, 245 F.3d 881, 887 (7th Cir. 2001); Powers v. Apfel, 207 F.3d 431, 435 (7th Cir. 2000).

Even were the court to assume for the sake of argument that the Commissioner had met the burden of showing the ALJ adequately developed the record, the ALJ's analysis of Mr. Williams' credibility is insufficient.

Mr. Williams testified that he experiences severe and constant back pain in the low back area, that his condition is deteriorating, and that the weather aggravates it. He stated that he could walk about two blocks, is unable to stand very long, and can sit for about 15 minutes. Mr. Williams reported that his activities include reading, doing laundry, grocery shopping, and checking on his mother every two days.

In determining whether Mr. Williams retained the residual functional capacity to perform any type of substantial gainful employment, the ALJ acknowledged the need to "consider all symptoms, including pain, and the extent

5

to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence based on the requirements of 20 C.F.R. 404.1529 and 416.929, and Social Security Ruling 96-7." (A.R. 20). But he limited his analysis to the medical evidence. The ALJ found that:

> [T]he claimant's alleged symptoms and functional limitations are not supported by the medical evidence....The only evidence that supports the claimant's allegations is that of his chiropractor in Exhibit 9F. The undersigned rejects the findings of the chiropractor because his findings are not supported by the overall medical evidence in the file and because a chiropractor is not an acceptable medical source.

(A.R. 20).

The absence of objective medical evidence supporting the severity of subjective complaints of pain is just one of many factors the ALJ must consider in evaluating the credibility of the claimant's testimony. Scheck v. Barnhart, 357 F.3d 697, 703 (7th Cir. 2004); Zurawski v. Halter, 245 F.3d at 887.

> If the allegation of pain is not supported by the objective medical evidence in the file and the claimant indicates that pain is a significant factor of his or her alleged inability to work, then the ALJ must obtain detailed descriptions of claimant's daily activities by directing specific inquiries about the pain and its effects on the claimant. [H]e must investigate all avenues presented that relate to pain, including claimant's prior work record information and observations by treating physicians, examining physicians, and third parties. Factors that must be considered include the nature and intensity of claimant's pain, precipitation and aggravating factors, dosage and effectiveness of any pain medications, other treatment for the relief of pain, functional restrictions, and the claimant's daily activities.

Luna v. Shalala, 22 F.3d 687, 691 (7th Cir. 1994); *see also* Scheck v. Barnhart, 357 F.3d at 703; Zurawski v. Halter, 245 F.3d at 887. The ALJ cannot simply

recite the factors in his decision and make conclusory statements about the claimant's credibility. Zurawski v. Halter, 245 F.3d at 887; Social Security Ruling 96-7p. He must apply those factors to the evidence and build an "accurate and logical bridge from the evidence to his conclusions." Scott v. Barnhart, 297 F.3d 589, 595 (7th Cir. 2002). That bridge is missing from the ALJ's decision, and the Commissioner's attempt to fill the void on appeal comes too late. On the basis of the record before it, the court cannot find that the ALJ's analysis of Mr. Williams' credibility was adequate or supported by substantial evidence, and cannot give deference to that decision.

For the foregoing reasons, the court VACATES the decision of the Commissioner of Social Security and REMANDS the matter for further proceedings.

SO ORDERED.

ENTERED:   March 21, 2007


　　　　　　　　　　　　　　　　　　/s/ Robert L. Miller, Jr.
　　　　　　　　　　　　　　　　Chief Judge
　　　　　　　　　　　　　　　　United States District Court